UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RETURN DATE: | ) |
| MILTON ROBINSON TELETOR COJOM; | ) Case No. |
| *Plaintiff.* | ) |
| | ) |
| - against - | ) |
| | ) |
| ROBLEN, LLC f/d/b/a VICOLO PIZZA RESTAURANT; VIKTOR BERISHA; | ) DECEMBER 23, 2023 |
| | ) |
| *Defendants.* | |

**COMPLAINT**

MILTON ROBINSON TELETOR COJOM (the "Plaintiff" or "Milton"), by and through his attorney, Richard J. Rapice, Esq., complaining of Defendants Roblen, LLC f/d/b/a Vicolo Pizza Restaurant ("Vicolo Pizza") and Viktor Berisha ("Berisha" and together with Vicolo Pizza collectively referred to as the "Defendants"), alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended 29 U.S.C. § 201, *et. seq*. ("FLSA") he is entitled to recover from the Defendants the following: (1) unpaid wages, including overtime, (2) liquidated damages, (3) back pay, (4) front pay, (5) pre-judgment interest, and (6) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the Connecticut Minimum Wage Act ("CMWA"), Conn. Gen. Stat. Sections 31-58 *et seq,*, the Connecticut Fair Employment Practices Act ("CFEPA"), and the common law, he is entitled to recover from the Defendants the following: (1) double unpaid wages, including overtime (2) liquidated

damages, (3) back pay, (4) front pay, (5) pre-judgment interest, (6) discrimination damages, (7) damages for assault; (8) damages for negligent infliction of emotional distress; and (9) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Pursuant to 28 U.S.C. § 1391, venue is proper in the United States District Court of Connecticut because the events set forth in this Complaint occurred at Vicolo Pizza, which was formerly located at 62 Main Street, New Canaan, Connecticut 06840.

## PARTIES

5. The Plaintiff is a resident of Fairfield County, State of Connecticut.

6. At all times relevant to the Complaint, the Plaintiff was an employee within the meaning set forth in FLSA § 203(e), CMWA, and Conn. Gen. Stat. § 31-58(e).

7. Vicolo Pizza is a limited liability company having an address, care of Viktor Berisha, of 62 Main Street, New Canaan, Connecticut 06840.

8. Berisha is an individual having an address of 584 Old Stamford Road, New Canaan Connecticut 06840 and is made a party defendant herein as the former owner of Vicolo Pizza.

9. Throughout Plaintiff's employment, Berisha was regularly present at Vicolo Pizza including, before hours of operation, while the restaurant was open for business, and after closing.

10. Berisha held himself out to be the sole owner/operator of Vicolo Pizza in its Connecticut liquor license and Connecticut food permit.

11. Upon information and belief, Berisha decided the wage rates of Vicolo Pizza's employees, including Plaintiff.

12. Berisha exercised sufficient control over the operations of Vicolo Pizza and was the Plaintiff's "employer" under both the FLSA and CMWA.

## NATURE OF ACTION

13. The Plaintiff is a former employee of Defendants.

14. Defendants, collectively and jointly owned, operated, and controlled Roblen, LLC as a single integrated enterprise under the trade name of "Vicolo Pizza Restaurant".

15. Defendants collectively owned, operated, and controlled Vicolo Pizza as a restaurant formerly located at 62 Main Street, New Canaan, Connecticut.

16. Upon information and belief, Berisha served as the sole owner of Vicolo Pizza, and through this corporate entity, operated the restaurant as an enterprise.

17. Plaintiff was employed by Defendant from approximately January 1, 2020 to June 1, 2022 in various capacities, including as: (1) a dishwasher, (2) a food preparer, (3) a food runner, and a (4) busboy.

18. Throughout the course of Plaintiff's employment at Vicolo Pizza, Defendants adopted and maintained policies and practices that required the Plaintiff to work in excess of forty (40) hours per week, without the minimum wage and overtime compensation required by federal and state law and regulations.

Law Office of Richard J. Rapice, LLC, 1234 Summer Street, Third Floor, Stamford, CT 06905
Juris No. CT30651

19. Defendants further failed to maintain accurate records of the hours worked by Plaintiff so as to avoid paying him appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

20. Defendants failed to abide by the notice provisions of the FLSA and CMWA.

21. Defendants failed to provide Plaintiff with meal breaks as required by law.

22. Plaintiff is an undocumented, foreign-born person originally from Guatemala with no English proficiency.

23. At all times relevant, Defendants were aware of Plaintiff's immigration status.

24. Defendants discriminated against the Plaintiff in violation of the FLSA and the CFEPA.

## FACTUAL ALLEGATIONS

*Enterprise Coverage Under FLSA*

25. Vicolo Pizza was an Italian pizzeria and restaurant with over two (2) decades of service to surrounding communities located in the State of Connecticut and State of New York.

26. By proximity, Vicolo Pizza was located in New Canaan, Connecticut, but only three (3) miles from the border of the State of New York.

27. As a result of its location, Vicolo Pizza had its employees engaged in interstate commerce and in the production of goods for commerce by transacting and/or transporting its products, services, or money across state borders.

28. Vicolo Pizza received and fulfilled online and telephonic food and drink orders to and from customers located in the State of Connecticut and the State of New York on a daily basis.

29. Vicolo Pizza utilized the major delivery applications such as UberEats, GrubHub, Seamless, and InstaCart to facilitate online procurement and fulfillment of orders received from customers located in the State of Connecticut and State of New York.

30. Upon information and belief, within three (3) years prior to the filing of this Complaint, Vicolo Pizza's annual gross volume of sales made, or business was not less than Five Hundred Thousand and 00/100 Dollars ($500,000.00).

31. During the pandemic, as was the case for many restaurants, delivery sales substantially increased for Vicolo Pizza.

32. In the three (3) years immediately prior to Vicolo Pizza ceasing its operations, the average cost of one of its pizzas was Fifteen and 00/100 Dollars ($15.00).

33. Each Monday, Tuesday, Wednesday, and Thursday, Defendants required its employees to construct two hundred (200) pizza boxes at the start of their work days; at the end of those weekdays, approximately fifty (50) boxes were left.

34. On Fridays, Saturdays, and Sundays, Vicolo Pizza employees were instructed to construct six hundred (600) pizza boxes at the start of their work days; at the end of those days, approximately one hundred fifty (150) boxes were left.

35. Therefore, in a given year, Vicolo Pizza made approximately One Million Five Hundred Thousand and 00/100 Dollars ($1,500,000.00) on the sale of pizza, exclusively.

36. Outside of pizza sales, Vicolo Pizza served a full menu, including soft drinks, wine, and beer.

37. New Canaan, Connecticut is an affluent area and since the pizzeria was in business for nearly twenty-five (25) years, it had a large, loyal customer base, which included routine catering for large organizations such as schools, churches, and offices.

Law Office of Richard J. Rapice, LLC, 1234 Summer Street, Third Floor, Stamford, CT 06905
Juris No. CT30651

*Individual Coverage Under FLSA*

38. Plaintiff's duties of employment included, *inter alia*, being a dishwasher, a food preparer, a food runner, a busboy, and a restaurant cleaner.

39. Plaintiff was also tasked with processing credit card and cash transactions for New York and Connecticut customers that placed telephonic orders and online orders.

40. Plaintiff assisted Defendants in receiving and unloading product deliveries originating from inside and outside the State of Connecticut.

41. Plaintiff prepared and packaged food and drinks orders for delivery to inside the State of Connecticut and to the State of New York.

42. Vicolo Pizza delivered food to New York each day they were open for business due to its proximity to New York.

*Defendants' Labor Violations*

43. At all relevant times, Defendants had substantial control over Plaintiff's working conditions and unlawful practices alleged herein.

44. Berisha was the owner and operator of the restaurant, and held the positions of chef, waiter, and supervisor/manager of his employees.

45. Berisha was solely responsible for hiring and firing employees, setting the employees' work schedules and wages.

46. Throughout the course of Plaintiff's employment from approximately January 1, 2020 to June 1, 2023, Plaintiff was ordered to work seven (7) days a week for a total of ninety-one (91) hours per week.

Law Office of Richard J. Rapice, LLC, 1234 Summer Street, Third Floor, Stamford, CT 06905
Juris No. CT30651

47. Throughout the course of Plaintiff's employment, he was paid Five Hundred and 00/100 Dollars ($500.00), in hand each week in cash by Berisha.

48. Plaintiff made Five Dollars and Forty-Nine Cents ($5.49) per hour.

49. The Defendants never paid the Plaintiff overtime wages for the fifty-one (51) hours worked weekly beyond forty (40).

50. At all times relevant, Defendants denied Plaintiff a "bona fide meal period" and failed to provide any notice that he was entitled to a period of time each day, where he would not be called upon to perform work for Vicolo Pizza.

51. Defendants kept a time stamp machine in Berisha's personal office, which was not accessible to the employees, and would only bring the machine out to the kitchen, where the employees worked, when inspectors came to the restaurant.

52. Plaintiff and another undocumented, Hispanic employee were instructed to not use the time stamp machine.

53. Defendants failed to maintain any state or federal labor law posters in the restaurant informing its employees of their rights to minimum wage or overtime compensation.

54. However, when an inspector would come to Vicolo Pizza, Berisha would put a labor law poster on the kitchen wall. Once the inspector left, Berisha would remove the poster from the kitchen wall.

55. Defendants never provided the Plaintiff with a wage statement or paystub at the end of each pay period.

56. Throughout the course of Plaintiff's employment, he earned but never received tips.

57. In fact, Defendants demanded that Hispanic employees turn over any tips given to them by customers, while non-Hispanic employees were allowed to keep tips.

58. Berisha, Plaintiff and another undocumented, Hispanic employee were the only three (3) people left in the restaurant when Berisha locked the doors for the night around midnight or one (1) a.m.

59. On a number of occasions, Defendants required the Plaintiff to sign documents, the contents of which were not translated to his native language nor subject to review prior to execution, when he gave Plaintiff and Raul their weekly cash around midnight or one (1) a.m. when no one else was in the restaurant.

60. Berisha required that Plaintiff sign the document in order to be given his weekly cash payment of Five Hundred ($500.00) Dollars.

61. Upon information and belief, Defendants willfully engaged in such practices so as to disguise the actual number of hours Plaintiff (and similarly situated individuals) worked, to avoid paying Plaintiff properly and in accordance with the law, to perpetuate fraud, and/or to make Plaintiff a party to the perpetuation of a fraud so as to garner leverage over him.

62. Throughout the period of Plaintiff's employment, the Defendants discriminated against the Plaintiff on account of Plaintiff's ethnicity, race, national origin, and citizenship status.

63. Upon information and belief, the Defendants consistently paid Hispanic workers less than other non-Hispanic workers.

64. On a regular basis, Berisha would yell at Plaintiff, and would bang and throw kitchen objects, including knives, at the Plaintiff, and across and around the kitchen, with the intent of intimidating him and for the purpose of preventing the Plaintiff from reporting any discriminatory practices.

Law Office of Richard J. Rapice, LLC, 1234 Summer Street, Third Floor, Stamford, CT 06905
Juris No. CT30651

65. Berisha consistently called Plaintiff and other Hispanic employees "illegals" and would threaten to report them to the authorities, on the basis of their immigration status, for deportation.

66. Throughout the course of Plaintiff's employment, Berisha's behavior caused Plaintiff to fear for his safety.

67. On or about February 21, 2023, the Plaintiff filed a complaint with the Connecticut Commission on Human Rights and Opportunities bearing CHRO No. 2320236.

68. The Defendants defaulted and told CHRO investigators that he did not know the Plaintiff.

69. CHRO released jurisdiction on September 26, 2023.

70. Accordingly, the Plaintiff has exhausted his administrative remedies.

71. The conduct of the Defendants was a violation of CFEPA, the CMWA, and the FLSA

72. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly harmed the Plaintiff by engaging in a pattern, practice, and/or policy of violating the FLSA, CFEPA and CMWA. This policy and pattern or practice includes, *inter alia*, failing to pay minimum wage and overtime wages.

73. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees their compensation through systematic discrimination.

74. Defendants' unlawful conduct has been intentional, willful, in bad faith, and has caused significant monetary and emotional damage to the Plaintiff.

Law Office of Richard J. Rapice, LLC, 1234 Summer Street, Third Floor, Stamford, CT 06905
Juris No. CT30651

## STATEMENT OF CLAIMS

### FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

75. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

76. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of 29 U.S.C. § 203(d). Defendants had the power to hire and fire the Plaintiff, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for his employment.

77. At all relevant times, Defendants were employers engaged in interstate commerce and/or the production of goods for commerce within the meaning set forth in 29 U.S.C. § § 206(a) and 207(a).

78. Defendants' business constitute an enterprise within the meaning set forth in 29 U.S.C. § 203 (r-s).

79. Defendants failed to pay Plaintiff at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

80. Defendants only paid Plaintiff Five and 49/100 Dollars ($5.49) per hour throughout the course of his employment.

81. Defendants' failure to pay Plaintiff at the applicable minimum hourly rate was willful within the meaning set forth in 29 U.S.C. § 255(a).

82. Plaintiff was damaged in an amount to be determined at trial.

Law Office of Richard J. Rapice, LLC, 1234 Summer Street, Third Floor, Stamford, CT 06905
Juris No. CT30651

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

83. Plaintiffs repeats and realleges all paragraphs above as though set forth fully herein.

84. Throughout Plaintiff's employment, Plaintiff worked approximately ninety-one (91) hours per workweek and was entitled to roughly fifty one (51) hours of overtime each week.

85. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek, which was fifty-one (51) hours.

86. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

87. Plaintiff was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATIONS OF THE MINIMUM WAGE PROVISIONS OF THE CMWA

88. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

89. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of Conn. Gen. Stat. §§ 31-58(d) and 31-71(a)(1).

90. At all times relevant to this action, Plaintiff was Defendants' employee within the meaning of Conn. Gen. Stat. §§ 31-58(d) and 31-71(a)(2).

91. Defendants had the power to hire and fire the Plaintiff, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

92. Throughout the course of Plaintiff's employment, Defendants, in violation of Conn. Gen. Stat. §§ 31-60 and 31-76(c), and the supporting regulations of the CMWA, consistently

Law Office of Richard J. Rapice, LLC, 1234 Summer Street, Third Floor, Stamford, CT 06905
Juris No. CT30651

paid the Plaintiff less than the applicable minimum fair wage by paying Plaintiff only Five and 49/100 Dollars ($5.49) per hour, substantially lower than legally required.

93. On or about February 21, 2023, the Plaintiff filed a claim for discrimination with the CHRO.

94. The Defendants defaulted on answering the CHRO complaint, and Berisha stated to a CHRO investigator assigned to Plaintiff's case that he did not know the Plaintiff.

95. The foregoing claim was pending with CHRO until on or about September 26, 2023 when CHRO released jurisdiction.

96. As a result, the Plaintiff is entitled to commence a civil action in accordance with Gen. Stat. § 31-72.

97. Defendants' failure to pay Plaintiff the minimum wage was willful and in bad faith within the meaning of Conn. Gen. Stat. § 31-68(a) and a result of Defendants' discriminatory practices.

98. In accordance with Gen. Stat. § 31-72, Plaintiff is entitled to interest, double damages, and attorneys' fees.

## FOURTH CAUSE OF ACTION

### VIOLATIONS OF THE OVERTIME PROVISIONS OF THE CMWA

99. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

100. Throughout the course of Plaintiff's employment, Defendants, in violation of Conn. Gen. Stat. §§ 31-60 and 31-76(b) and (c), required Plaintiff to work approximately ninety-one (91) hours per workweek at a rate of Five and 49/100 Dollars ($5.49) per hour and never compensated Plaintiff for his overtime hours.

101. Defendants' failure to pay Plaintiff the minimum wage was willful and in bad faith within the meaning of Conn. Gen. Stat. § 31-68(a).

102. In accordance with Gen. Stat. § 31-72, Plaintiff is entitled to interest, double damages and attorneys' fees.

## FIFTH CAUSE OF ACTION

### VIOLATIONS OF THE RECORDKEEPING & NOTICING REGULATIONS OF THE FLSA

103. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

104. Upon information and belief, throughout Plaintiff's employment, the Defendants failed to maintain and preserve payroll or other records regarding the Plaintiff and other similarly situated employees in violation of 29 CFR Part 516.

105. The Plaintiff failed, in violation of 29 CFR Part 516.4, to post, in a conspicuous location, a notice explaining the FLSA and its minimum wage and overtime provisions, as prescribed by the Wage and Hour Division.

106. Due to Defendants' violations, the Plaintiff has been harmed in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE MEAL BREAK PROVISION OF CMWA

107. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

108. Throughout Plaintiff's employment at Vicolo Pizza, the Defendants failed to provide the Plaintiff with a meal break in violation of Conn. Gen. Stat.§ 31-51ii.

Law Office of Richard J. Rapice, LLC, 1234 Summer Street, Third Floor, Stamford, CT 06905
Juris No. CT30651

109. Due to Defendants' violation of statutory law, the Plaintiff has been damaged in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION

### WORKPLACE DISCRIMINATION IN VIOLATION OF CMWA

110. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

111. Throughout the period of Plaintiff's employment, the Defendants discriminated against the Plaintiff on account of Plaintiff's ethnicity, race, national origin, and citizenship status in violation of Connecticut Fair Employment Practices Act, Conn. Gen. Stat. §§ 46a-60(b)(1).

112. Upon information and belief, the Defendants consistently paid Hispanic workers less than other non-Hispanic workers.

113. Upon information and belief, Hispanic employees were required to turn over tips to Berisha, while non-Hispanic employees were allowed to keep tips.

114. Defendants consistently told Plaintiff and other Hispanic, undocumented workers that since they were "illegals" they are not protected under the laws and should be grateful to make any amount of money.

115. On a regular basis, Berisha would throw objects, including knives, at the Defendant with the intent of intimidating him and for the purpose preventing the Defendant from reporting any discriminatory practices.

116. Defendants' knowingly, willfully, and in bad faith, took advantage of the fact that Plaintiff is an undocumented immigrant from Guatemala, with limited English

proficiency and knowledge of U.S. employment laws, and exploited his fear of deportation or criminal conviction.

## EIGHTH CAUSE OF ACTION
### ASSAULT

117. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

118. During Plaintiff's employment, Berisha regularly and repeatedly assaulted the Plaintiff by using physical force, or the threat of physical force, to cause the Plaintiff to acquiesce to his unlawful commands / demands.

119. Berisha used physical force, or the threat of physical force, to cause the Plaintiff to work excessive hours without a break period and without proper compensation.

120. Specifically, on a regular basis, Berisha would yell at the Plaintiff, and would bang and throw kitchen objects, including knives, at the Plaintiff, and across and around the kitchen, with the intent of intimidating him and for the purpose of preventing the Plaintiff from reporting any discriminatory practices of the restaurant.

121. Plaintiff feared imminent physical harm during Berisha's anger-fueled outbursts.

122. As a consequence, the Plaintiff sustained physical and emotional damages.

## NINTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

123. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

124. At all times relevant, Berisha humiliated and castigated the Plaintiff about his citizenship, immigration status, and education, with the intention to inflict emotional distress upon him.

Law Office of Richard J. Rapice, LLC, 1234 Summer Street, Third Floor, Stamford, CT 06905
Juris No. CT30651

125. Specifically, on a regular basis, Berisha would yell at the Plaintiff, and would bang and throw kitchen objects, including knives, at the Plaintiff, and across and around the kitchen, with the intent of intimidating him and for the purpose of preventing the Plaintiff from reporting any discriminatory practices of the restaurant.

126. Berisha intended to inflict emotional distress onto the Plaintiff.

127. The foregoing conduct was extreme, outrageous and intolerable and did in fact cause the Plaintiff emotional distress.

128. As a consequence, the Plaintiff sustained damages in an amount to be determined at trial.

## TENTH CAUSE OF ACTION

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

129. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

130. At all times relevant, Berisha humiliated and castigated the Plaintiff about his citizenship, immigration status, and education, with the intention to inflict emotional distress upon him.

131. Specifically, on a regular basis, Berisha would yell at the Plaintiff, and would bang and throw kitchen objects, including knives, at the Plaintiff, and across and around the kitchen, with the intent of intimidating him and for the purpose of preventing the Plaintiff from reporting any discriminatory practices of the restaurant.

132. Berisha intended to inflict emotional distress on the Plaintiff, or should have known emotional distress was the likely result of his actions.

Law Office of Richard J. Rapice, LLC, 1234 Summer Street, Third Floor, Stamford, CT 06905
Juris No. CT30651

133. The foregoing conduct was extreme, outrageous and intolerable and did in fact cause the Plaintiff emotional distress.

134. As a consequence, the Plaintiff sustained damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this honorable Court enter judgment against Defendants by:

(1) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

(2) Declaring that Defendants violated the overtime provisions of, and associated rules and regulations under, the FLSA, as to Plaintiff;

(3) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(4) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff;

(5) Declaring that the Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the CMWA as to Plaintiff;

(6) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the CMWA as to Plaintiff;

(7) Declaring that Defendants violated the CFEPAt, Conn. Gen. Stat. § 46a-60(b)(1).

(8) Declaring that Defendants' violations of the provisions of the CMWA were willful and in bad faith as against Plaintiff;

(9) Awarding Plaintiff liquidated damages in an amount equal to double the total amount of minimum wage, overtime compensation pursuant to Conn. Gen. Stat. § 31-68(2).

(10)   Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(11) Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

(12) All other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated at Stamford, Connecticut this 23rd day of December, 2023.

                                          THE PLAINTIFF,
                                          MILTON ROBINSON TELETOR COJOM

By:           /s/ CT30651
        Richard J. Rapice, Esq., His Attorney
        Law Offices of Richard J. Rapice, LLC
        1234 Summer Street, Third Floor
        Stamford, CT 06905
        Juris No. CT30651
        Tele: (203) 359–2047
        Fax: (203) 359–3251
        richard@rapicelaw.com